May please the court. Sarah Erickson, Pro Bono Counsel for Mr. Michael Montalvo. I'd like to reserve two minutes for rebuttal and I'll keep track of my own time. This case calls for nothing more than application of established ex post facto law and this court's binding precedence to undisputed facts. It is clear on the face of the indictment and the jury instructions alone that Mr. Montalvo was not convicted of a CCE that continued until 848B's enactment. At sentencing, the sentencing judge who did not preside over Mr. Montalvo's trial reasoned that the government did not need to prove that any predicate violation for the CCE occurred after 848B's enactment in order for that provision to govern in his case. And then the sentencing court went proceeded to rely on factual allegations that were not only not necessary and essential for the government to secure the conviction of Mr. Montalvo, but were also not even predicate violations making up the CCE offense. This reliance on facts that were not essential to the government's proof of defense of the offense in order to impose a heightened penalty violated the ex post facto clause as this court removed any doubt about in United States versus Forrester and as established under the pertinent portion of this court's prior decision in United States versus Campanile. It is well established that the retroactive application of a statute that makes the maximum sentence mandatory violates the ex post facto clause. And this is a very dramatic example of that. The applicable sentencing provision that was in effect when Mr. Montalvo's offense occurred required a minimum sentence of 10 years and the application of 848B to his offense mandated life without the possibility of parole requiring him to die in prison. An ex post facto sentence is illegal for purposes of the applicable version of Rule 35A that applies to Mr. Montalvo's case and that permits a court to correct an illegal sentence at any time. This court and courts around the country have recognized that an ex post facto sentence is an illegal sentence for purposes of Rule 35A and that's because it is substantive. May I ask what are we to do in your view with the 1996 Montalvo which I guess depending on how you count I think might be Montalvo 3, the direct appeal of the resentencing because the district court on resentencing said the involvement in the CCE continued past the effective date of the statute. And we said that in affirming the sentence. So why isn't this panel bound by that determination as law of the case? Your Honor, there's a few reasons for that. First of all, the law of the case does not apply to a decision that didn't address the issue presented and here the issue that Mr. Montalvo presented then and that is presented here is that his sentence violated the ex post facto clause because it did not continue past enactment of 848B. But Montalvo 3, the panel in one paragraph dismissed his claim and in doing so it assumed away the premise of the challenge. The court said that a sentence that or an offense that begins prior to but continues until after the statute is fair game under the statute and cited to the portion of United States versus Campanella for that proposition. However, that is not the claim that was presented then and it's not the claim that's presented here. The issue here is that his sentence to his offensive conviction did not continue past 848B and United States versus Campanella address that aspect that issue in a separate portion of its opinion. And where it held that although the statute itself could be rescued from ex post facto invalidity because it required at least one overt act to occur after the effective date of the statute applying that was not the case for the defendants offense and therefore applying that statute to them violated the ex post facto clause. The fact that the Montalvo 3 panel cited to the incorrect or the impertinent portion of Campanella suggested that court did not grasp the nature of the claim that was presented to it and under this court's precedence that does not the law of the case does not apply in such instances. And in any event, the law of the case is a discretionary doctrine, especially when as here the prior decision was an unpublished memorandum disposition that is not binding circuit authority. By contrast, United States versus Campanella and United States versus Forrester are both law of the circuit and the court is compelled to follow the law of the circuit. So Forrester was a sentencing guidelines decision. Why do you think that's on point? Well, it's on point because it was predicated on the requirements of the ex post facto clause. So the court proceeded first to look to prior cases that held the Cesar is that held that facts that were not expressly admitted in a guilty plea or found by a jury basically facts that were not essential to the government's proof of the offense are not part of the offensive conviction. But the court went on to distinguish the issue before it from Cesar is because in Cesar is the question was an overt act. And in that case, the court could the sentencing court could find under a law that was on the books at the time. And the court could the sentencing court could apply a preponderance standard in that context. But Forrester explained the ex post facto clause forbids doing so when the offense predated the enactment. So when the defendant was not convicted of conduct that occurred while that provision was in effect, the sentencing court may not apply the heightened penalty. And so in that case, it was guidelines. But here it's a mandatory statute, in fact, a mandatory minimum of life. So it's actually a more dramatic example because under the guidelines, the judge did have still have discretion to depart or vary from the sentence, whereas application of 848 be in this case removed any discretion to impose anything less than life without the possibility of parole. So the district court thought your rule 35 motion was improper, improperly presented. How do you respond to that? Well, the district court treated our our ex post facto claim as a mere rewording of the Sixth Amendment claims that this court previously addressed in Michael Montalvo's case. And this is not a Sixth Amendment claim. This is the ex post facto increase analytically distinct from the Sixth Amendment as the Supreme Court observed in Pew versus United States. In the Sixth Amendment context, the issue is the the manner in which a the culpability is determined under a law that unquestionably applies and was on the books when the offense occurred. But the ex post facto increase distinct because it's about what the fact that the law increases the penalty that applies it to a pre enactment offense and it should not apply in that context at all. So it actually goes to the power of the court, the power of the government to impose the penalty. That is a substantive difference. That is not a procedure. Now, the argument of judge versus jury conflates the trial phase with the sentencing phase. The trial phase, we look at what the jury was instructed to decide to determine what facts made up Mr. Montalvo's offense of conviction. And when we have that information, then we look at the sentence that determines what applicable law can apply to Mr. Montalvo and his offense. It is very clear on the face of the jury instructions that he was not convicted of an offense that occurred while 848B was in effect. So this is there are no procedures in that context at sentencing that the sentencing court could have applied that would have corrected the ex post facto violation of applying 848B to sentence him to mandatory life when he was not convicted of an offense that occurred while that provision was in effect. You're down to under two minutes. I will yield the remainder of my time. Thank you very much. Mr. Morris, we'll hear from the government. Good morning, Your Honor. May it please the court. Matthew Morris, I represent the United States. The claims that Montalvo presented in this is 8th Rule 35 motion are both wrong and non cognizable on the issue of non cognizability. This court has held over and over in this case in 2005, 2009 and 2017 that these types of claims can't be brought under Rule 35. Rule 35 motions performing narrow function. That's the words of this court, not the government or the district court below to correct these sentences that are illegal on their face. And that's Montalvo 7. This case is a good example for why this rule makes sense. Next Tuesday will be the 34th anniversary of the change to this statute. And we're sitting here arguing about who did what in 1986 and 1987. Rule 35 allows Mr. Montalvo to attack the legality of a sentence 36 years in the future from today. But only for those types of problems that are visible as being contrary to the statute on their face. In addition to being non cognizable, the claims are just wrong. Two fact finders have looked at this question of whether or not his conduct spanned into the time period of the new statute. The first fact finder was the judge at resentencing. And after hearing argument and looking at the trial evidence, he concluded that the conduct is spanned into the amended statute. At the time under McMillan v. Pennsylvania, the Supreme Court said that's perfectly fine for a judge to apply a mandatory minimum based upon judge found facts at sentencing. This court affirmed that in Montalvo 3. I share the court's frustration. I think Montalvo 3 is what we're calling the 1996 trip to this court. But that's not the only fact finder. He presented this ex post facto and end of the enterprise claim in his habeas. And a magistrate judge looked at that question, looked at the evidentiary rulings, looked at the information that was available back in the late 90s as part of the 2255 motion. And also concluded that this new information did not call into question the end of the continuing criminal enterprise. He found that contention to be without merit. This court affirmed that determination in Montalvo 5, which was the affirmance of the habeas, which I think was the 2003 case. But that's where we are. Two fact finders have found that, in fact, Montalvo's involvement spanned into the new the new time period. The judge applied that under binding Supreme Court precedent that was permissible. Even Forrester, the case that really hinges on this, the 8th rule 35 motion, even Forrester can't disturb that. Because at the time of Forrester, the Supreme Court had said that Apprendi does not apply in the context of mandatory minimums. Of course, that's changed. Elaine undid that and vacated Harris v. United States. But it's never been a problem. This sentence was not unconstitutional, and it was not based on facts that were inappropriately found. I'm happy to take any questions from the panel. If not, I'm happy to yield back the remainder of my time. If if, in fact, this is this motion is improper under Rule 35, what's the consequence for this case? Are the remaining arguments in your judgment manifest injustice? So, again, the only if. So, no, it's if it's not improper. Sorry, if the argument is improper to rule 35, then the court simply says it's noncognizable and kicks it back. Because, again, that's that's not the law of the case. Part of the argument is the right. So the law of the case would be that that we're going to see is there an exception to the law of the case? And we disagree that there is any kind of an exception to the law of the case here. To the extent, again, because because of the fact that the facts are correctly decided by both the district court of sentencing and by the habeas court, there's no manifest injustice here. And that kind of goes to the to the question that this court had in Montalvo 7, which was the sentence he received. The life sentence was available under 848 A or 848 B. So there really is no injustice here. It was, in fact, the same sentence that was imposed at the first sentencing. He's gotten a life sentence twice now. And the remaining arguments we've made that there simply isn't a problem here. There is a route out, and that route was his habeas motion. He filed a 2255. If you want to challenge the facts underlying a sentence or the procedures that happened in sentence, you file a 2255 motion. He tried that. He lost. This court affirmed that. Fine. Any further questions? OK. Thank you. Thank you. Ms. Erickson. Yeah. The government has failed to cite a single ex post facto case. He's citing McMillan. He's citing a lane. He's citing a friend. These are all Sixth Amendment cases. This is not a Sixth Amendment claim. As I've already explained it, as I explained in the briefs. Also, yes, Mr. Montalvo raised this issue in his habeas petition. The district court did not reach the merits because it concluded that it was bound by Montalvo 3's decision. And so that also does not. He did not waive that claim. And I must correct an incorrect statement by the government. That was not addressed on appeal. The appeal was exclusively devoted to the Robert Richardson. The United States error that the court found was harmless as to Mr. Montalvo's basic 848 conviction. The court did not look at the constitutionality of his 848 B sentence. And the court cited exclusively pre enactment evidence to conclude that that was harmless error. And to the point of no manifest injustice, Mr. Montalvo is 74 years old. He's a model prisoner who served more than three decades in prison. And he has no history of violence. The government didn't even allege he does. And we can't give credence to the first sentence because that was vacated because the court concluded that the sentencing judge had failed to demonstrate sufficient knowledge of the facts of the case. And improperly assumed critically that Mr. Montalvo that the jury verdict meant that he was convicted of all 13 predicate felonies. And that was incorrect. That error was compounded on remand because the court then went beyond that to assume that conduct all the way up until his arrest was fair game. And that error went unchecked in Montalvo three. Thank you very much. Let me ask you the same question. I ask your opposing counsel if and I'm not saying we are. If if the district court was correct in holding that the rule 35 motion was procedurally improper. Where does that leave you? You think you still have a an additional claim beyond that? Or do you need to show that the rule 35 motion was properly presented? Well, your honor, actually, it's an interesting question. The sentence was void. So we've ever be Graham has explained that a statute is void as applied to a defendant whose offense occurred prior to enactment. And so it would be void under 60 before as well. But it is cognizable under 35 because a void sentence that the government lacked the power to impose. Is it the quintessential example of a substantive rule of constitutional law? OK. Understand your argument. Thank you both for your arguments this morning and for joining us. The arguments are very helpful to the court. And we will proceed with the next case.
judges: Kelly, Thomas, Miller